UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAMAVIS COMUNDOIWILLA,

    Plaintiff,

v.

RALPH DIAZ, et al.,

    Defendants.

Case No. 23-cv-00144-JD (PR)

**ORDER OF SERVICE**

Re: Dkt. No. 6

## INTRODUCTION

Plaintiff, a California prisoner, filed a pro se civil rights action in state court. Plaintiff alleged that defendants violated his rights under the Eighth Amendment and state law by transferring over 100 inmates, some of whom were infected with COVID-19, from the California Institution for Men (CIM or Chino) to San Quentin State Prison (SQSP) in May 2020. Defendants removed this action from state court and paid the filing fee. Defendants have also requested that the Court screen the complaint. Dkt. No. 6. Defendants have asked to screen the case under 28 U.S.C. § 1915A. Dkt. No. 6. Service of the complaint on defendants is ordered.

## DISCUSSION

**A.    Screening**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings are liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it requires more than an unadorned, the-defendant-unlawfully-harmed-me, accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or pure assertions devoid of further factual enhancement, does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names the following defendants:

    a. California Department of Corrections and Rehabilitation (CDCR) Secretary Ralph Diaz,

    b. CDCR Director Kathleen Allison,

    c. Associate Director of Reception Mission Ron Davis,

    d. SQSP Chief Medical Executive Alison Pachynski,

    e. CIM Chief Medical Officer L. Escobell,

    f. SQSP Captain J. Arnold,

    g. CIM Warden Dean Borders, and

    h. California Correctional Health Care Services Director Joseph Bick.[1]

Plaintiff sues all defendants in their individual and official capacities.

Plaintiff alleges that defendants "knew or should have known that when they either failed to supervise their subordinate(s) and or check and or stop the transfer of the 121 inmates from Chino to [SQSP] that there was the possibility of an outbreak of [COVID] due to one or more of

---

[1] The Clerk of the Court is directed to correct the spelling of Defendant Bick's last name from "Bink" to "Bick" on the Court's electronic case management filing system.

these inmates being infected (due to an outbreak in Chino) [a]nd that [Plaintiff] would be harmed (by [Plaintiff] catching [COVID]).*"* Dkt. No. 1-1 at 5. He alleges that defendants "[h]ad a duty to keep [Plaintiff] safe and failed to do so." *Id.* Plaintiff sues all defendants in both their individual and official capacities. *Id*. at 7.

Plaintiff experienced symptoms of COVID-19, "caught COVID-19" on July 21, 2020, and was taken to the hospital after complaining of "chest pains due to complications from [COVID]." *Id.* at 6. Plaintiff alleges the above actions and inactions violated the Eighth Amendment. *Id.* at 7. He also appears to allege a state law claim of negligence. *Id.* He seeks declaratory relief, compensatory and punitive damages, and costs of suit. *Id.*

Liberally construed, these allegations state a plausible claim for deliberate indifference to his safety, in violation of the Eighth Amendment, against Defendants. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Even so, the Eleventh Amendment to the U.S. Constitution bars a lawsuit in federal court against a state without the state's consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). State officials acting in official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Such a suit is no different from a suit against the state itself. *Id.* Consequently, the Eleventh Amendment bars plaintiff's claims for monetary relief to the extent that they are based on acts by defendants in their official capacities. *See id.*

Plaintiff alleges that defendants' "negligence through their acts and or omissions or through their failure to supervise their subordinates" violates California law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Plaintiff asserts a supplementary state law claim that the actions of defendants were negligent. Liberally construed, these allegations satisfy the statutory requirement, and the Court will exercise supplemental jurisdiction over this state law claim.

3

### B.     Appointment of Counsel

Plaintiff has requested the appointment of counsel. Dkt. No. 1-1 at 7. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has adequately presented his claims, and the issues are not complex. Consequently, counsel will not be appointed.

## CONCLUSION

1.     Defendants' motion to screen the case (Dkt. No. 6) is **GRANTED**.

2.     The Clerk is directed to correct the spelling of Defendant Bick's last name by changing it from "Bink" to "Bick" on the Court's electronic case management filing system.

3.     Plaintiff's motion to appoint counsel (Dkt. No. 1-1 at 7) is **DENIED**.

4.     The Court DISMISSES Plaintiff's claims for damages based on Defendants' actions in their official capacity, as barred by the Eleventh Amendment.

5.     Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to his safety needs against the named Defendants.

6.     The Court will exercise supplemental jurisdiction over Plaintiff's state law claim that the actions of Defendants were negligent.

7.     The case will go forward on Plaintiff's Eighth Amendment claim and the related state law claim. Service is not ordered for defendants Diaz, Allison, Davis, and Bick because they have already appeared in this case. For the following unserved defendants, the Court directs that service will be effected under the CDCR e-service program for civil rights cases from prisoners in the CDCR's custody:

      a. Alison Pachynski,

      b. L. Escobell,

      c. J. Arnold, and

      d. Dean Borders.

The Clerk is requested to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1-1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR will file a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk will provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. Defendants are advised that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

5. The Court will issue a scheduling order for summary judgment or other dispositive motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter. *See* Dkt. No. 12.

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to

5

defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is advised that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: September 12, 2023

JAMES DONATO
United States District Judge